CORNELIUS HORGAN, RESPONDENT, *v.* HENRY W. KRUMWIEDE, APPELLANT.

*Lease under seal — oral agreement modifying its terms — how far valid.*

APPEAL from a judgment, entered on the verdict of a jury, rendered at the New York Circuit, and from an order denying the defendant's motion for a new trial, made upon the minutes of the court before which the trial was had.

The action was brought for the recovery of rent accruing by the terms of a lease which was under seal. The lease was made in May,

1873, and by its terms the plaintiff demised to the defendant the first, or store floor, and the front part of the basement floor, of a building situated on the northwesterly corner of Second avenue and Sixty-first street, for the term of five years from the first of May, 1873. The rent reserved was $1,200 a year for the first three years of the term, and $1,500 a year for the fourth and fifth years of the term. The defendant occupied the premises under the lease until near the first of May, 1876. He also occupied the floor over the store not mentioned or included in the lease. He held that under a verbal lease, which expired the first of May, 1876. Before the arrival of that time, he informed the plaintiff that he should give up the floor above the store, and also that it was impossible for him to pay the amount of rent mentioned in the lease for the unexpired portion of the term created by it. The uncontradicted testimony was to the effect that the plaintiff then requested him to continue his occupancy of the floor above the store, and also of the premises mentioned in the lease, and that in case he did so, he would reduce the rent of both to the sum of $110 a month. The defendant accepted these terms, remained in possession of all the property referred to, and paid the rent of $110 a month for the ensuing year. Before the expiration of that time, a further arrangement was made by which the defendant was to continue his occupancy of the floor over the store with the premises mentioned in the lease for the next year, and the rent of the premises was for that year agreed to be reduced to the sum of $100 a month. The defendant after that, continued in the occupancy of the property and paid this monthly rent to the plaintiff. After the term had expired, the plaintiff brought this action for the additional sum of $300 a year, which, by the terms of the lease under seal, the defendant had obligated himself to pay for the year 1877 and 1878. At the close of the plaintiff's case, the court held both agreements for the reduction of the rent, to be inoperative, and accordingly directed a verdict in favor of the plaintiff for the amount claimed, besides interest.

The court at General Term said: " No surrender was made by the defendant of the property mentioned in the lease, and as it was under seal, it could not be modified, or the rent reserved by its terms be reduced by a mere oral executory agreement. (*Eddy* v. *Graves*, 23 Wend., 82.) But such an agreement, founded upon a new con-

sideration, and afterwards performed by the parties, is sufficient to modify or change the terms of an instrument of this nature. (*Dearborn v. Cross*, 7 Cow., 48; *Langworthy v. Smith*, 2 Wend., 588; *Pierrepont v. Barnard*, 2 Seld., 279 *Allen v. Jaquish*, 21 Wend., 628; *Coe v. Hobby*, 7 Hun, 157, 163; affirmed, 72 N. Y., 141.) That the agreements which were made were both performed, was clearly shown as a matter of fact in the case."

The court held further, that the defendant not having been obliged to take a lease of the floor above the store after May 1, 1876, that his leasing of that floor after that time constituted a consideration for the agreement to reduce the rent provided to be paid by the terms of the lease under seal.

*Henry Birchoff* and *William C. Clifford*, for the appellant.

*Samuel G. Courtney*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.